Judge STUCKY
delivered the opinion of the Court.
Appellant was convicted, inter alia, of possessing images of “nude minors and persons appealing to be nude minors,” in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2012). The ease was submitted to this Court on its merits, and we specified two issues for review to determine (1) whether Appellant had fair notice that the charged conduct was prohibited and subject to criminal sanction, and (2) whether his plea was provident. United States v. Moon, 72 M.J. 441 (C.A.A.F.2013) (order granting review). Assuming, without deciding, that Appellant had notice of the criminality of his conduct, we hold that there is a substantial basis in law and fact to question Appellant’s guilty plea.
I. Posture of the Case
A military judge sitting as a general court-martial convicted Appellant, pursuant to his pleas, of two specifications of possession of child pornography as defined by 18 U.S.C. § 2256(8) (2006) (the Specification of the Charge and Specification 1 of the Additional Charge), and one specification of possession of images of “nude minors and persons appearing to be nude minors” (Specification 2 of the Additional Charge), all in violation of Article 134, UCMJ. The military judge made special findings as to which of the charged images formed the basis of each specification. Appellant was sentenced to a bad-conduct discharge, six months of confinement, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade. The convening authority approved the adjudged sentence. The United States Army Court of Criminal Appeals found that eleven of the forty-six images the military judge found to be child pornography with respect to the Specification of the Charge were not child pornography, but affirmed the findings and sentence. United States v. Moon, No. ARMY 20120112, 2013 CCA LEXIS 294, at *1-*2, 2013 WL 1457932, at *1 (A.Ct.Crim.App. Mar. 29, 2013) (per curiam).
II. Background
Appellant was charged with and pled guilty to two specifications of possessing child pornography, as defined by 18 U.S.C. 2256(8), ■ and one specification of “knowingly possessing] multiple images of nude minors and persons appearing to be nude minors, which possession was to the prejudice of good order and discipline in the armed forces and was of a nature likely to bring discredit upon the armed forces.” During the plea inquiry into the child pornography specification, the military judge provided the federal definitions for child pornography, and discussed with trial counsel and defense counsel that none of the images depicted sexual intercourse, bestiality, masturbation, or sadistic or masochistic abuse, but rather that the images qualified as child pornography based only on lascivious exhibition of the genitals. See 18 U.S.C. 2256(2) (defining “sexually explicit conduct”). The military judge explained to Appellant that not every exposure of the genitals constitutes a lascivious exhibition, and defined lascivious using the factors identified in United States v. Dost, 636 F.Supp. 828, 832 (S.D.Cal.1986). Appellant admitted that the focal point of the child pornography images was the genitals, that a few depicted masturbation, and that some ” depicted unnatural, sexually coy poses.
With respect to the nude minors specification, the military judge began by stating his concerns:
Now as I have expressed earlier I was a little concerned when I saw this specification because it’s not alleging possession of child pornography. Rather what it’s alleging is the possession of multiple images of nude minors and persons appearing to be nude minors. And then it alleges this that [sic] possession was to the prejudice of good order and discipline in the armed forces, and was of a nature to bring discredit upon the armed forces. Now, ordinarily the possession of images of nude minors or persons appearing to be nude *384 minors is not criminalized under the federal code nor is it criminalized under the Uniform Code of Military Justice in either a[n] [^numerated offense or an explicit Article 134 offense. However, I’m not saying that it can’t be criminalized, it’s just not ordinarily criminalized, and my concern here is there are circumstances where having nude images of children or what appears to be children could not be a crime. In fact, most cases, overwhelming number of cases it’s not criminal.
The military judge then asked trial counsel for her theory of criminality in this case. Trial counsel responded:
Your honor, that those pictures, while not meeting the statutory definition of child pornography, the focal point of those was on the children, was on nude children, or persons who appeared to be nude children, nude minors, that there was no artistic depiction, or artistic value to those photographs and they were used for sexual gratification purposes.
Emphasis added. Defense counsel agreed that that was his understanding of the Government’s theory. The military judge then asked Appellant to describe why possession of images of nude minors was a crime under Article 134, and Appellant responded, “I would have to say because it’s in the same essence and nature of the first specification, sir.”
The military judge sought a definition of “nude” from the parties, and after a brief recess, trial counsel explained that “the definition would include any minor and not wearing clothes between his shoulders and knees.” Defense counsel agreed. The military judge again expressed concern about the images that fall into “this catchall provision.” He explained that, “[t]he dominant theme appears to be what the accused described as a naturalist type setting, basically, a nudist colony. [This] isn’t the kind of graphic, hard-core child pornography I have seen in some other cases.”
The military judge then engaged in a colloquy with Appellant, repeating that the nude images are “a little bit outside the definitions ■ of child pornography,” and “must .not be a lascivious display of their pubic area or something along those lines,” or else they would be considered child pornography. He reiterated his concerns that “there are legitimate reasons a person might possess a picture of a nude minor or there might be artistic depictions of nude minors.”
At this point, the colloquy begins to rely on leading questions that oscillated between definitions applied to the child pornography specification and the nude minors specification, resulting in ambiguous answers. The following exchange occurred:
MJ: Were the children in the images performing sexual acts or posed in a sexual or promiscuous manner?
ACC: Yes, sir.
MJ: And not all of the images but in many of them, correct?
ACC: Yes, sir.
MJ: So you know what I’m talking about with regard to promiscuous or kind of coy or sexually inviting pose, would you agree with that?
ACC: Yes, sir.
MJ: One of the things I discussed with you when I defined the term lascivious in making a determination as to whether something is lascivious is, whether the setting is sexually suggestive, whether the child is depicted in an unnatural pose or inappropriate attire considering the child’s age, and whether the child is partially clothed or nude, whether the depiction suggests sexual coyness or a willingness to engage in sexual activity and whether the depiction is intended or designed to elicit a sexual response in the viewer. Those are elements that you can consider that I am going to consider in determining whether this was an offense. Do you understand that?
ACC: Yes, sir.
MJ: Were many of these children posed in those kinds of poses?
ACC: Yes, sir.
MJ: And that’s not just these images, though, it also covers those that we talked about earlier that did qualify as child pornography, correct?
ACC: Yes, sir.
*385 The military judge then confirmed with Appellant that, for example, an image of a child “leaning back on a bed with her legs spread could easily be concluded to be designed to be appealing to somebody’s sexual desires,” and that sort of image “might fall more into the child pornography category.” Appellant agreed, and also responded affirmatively when asked if these images excited sexual desires or lust in him.
Turning to the terminal elements, the following exchange occurred:
MJ: Why do you believe that given that it is not child pornography, why do you think it might cause problems in good order and discipline in the armed forces just to possess pictures of nude children?
ACC: Because it would still be along those lines, sir.
MJ: Still kind of creepy, right?
ACC: Yes, sir.
MJ: For the average soldier?
ACC: Yes, sir.
MJ: And if they knew you possessed it what would the natural tendency of these people be toward you?
ACC: Definitely look down on me; avoid me, possibly things of that nature, sir.
MJ: Perhaps be a little frightened of you with regard to their children and family?
ACC: Yes.
MJ: And do you believe your conduct in possessing these images was of a nature to bring discredit upon the armed forces?
ACC: Yes, sir.
MJ: Why do you believe that?
ACC: It’s just not something that is Army standards.
MJ: Okay. Even though it’s not child pornography do you think a person in the general public knowing you possessed images of nude children or nude minors or persons appearing to be nude minors, do you think that might lower their esteem for the armed force?
ACC: Yes.
MJ: Why is that?
ACC: They would hold the Army to a higher standard; above that even still, sir.
MJ: And generally in society do you think there is a stigma attached to people who have naked pictures of children?
ACC: Yes, sir.
Both sides agreed that no further inquiry was required for the nude minors specification.
After an overnight recess during which the military judge reviewed the charged images, the military judge made special findings as to which images constituted child pornography and which were images of nude minors. The military judge made these findings to “aid the Army Court of Criminal Appeals in its responsibility to conduct its Article 66 review,” but did not review them with Appellant. The military judge then indicated that he wanted to go over the elements of the nude minors specification again, because he had previously added a wrongfulness element within the specification, when in fact the Government had not charged wrongfulness. The military judge explained that the possession needed only to be “knowing.” The military judge then asked Appellant, “even though they didn’t charge wrongful, you believe it was wrongful for you to possess these images?” Appellant responded affirmatively, explaining that it was wrongful because “I was held to a higher standard in the Army- I was raised better.”
The military judge asked again why Appellant possessed the images of nude minors, and he responded, “Sexual gratification, sir.” The military judge then engaged in a colloquy regarding the constitutional aspects of the charge:
MJ: Okay. The concern I have here of course, [Appellant], is like I talked about yesterday there might be good reason why you’d have images of nude minors. I mean there are works of art hanging up in national galleries that portray children nude, but the point there is an artistic expression and not for sexual gratification or [prurient] interest. You would agree that these weren’t artistic models, correct?
ACC: Yes, sir.
MJ: And it wasn’t for a medical purpose that you had these images, is that right?
ACC: Yes, sir.
*386 MJ: And you possessed them for your sexual gratification is what you told me, correct?
ACC: Yes, sir.
MJ: And do you think that that’s part of why possession of these images isn’t protected under the First Amendment of the United States Constitution as a free expression and so forth, that this was actually a crime?
ACC: Yes, sir.
The military judge found Appellant’s pleas to all charges to be provident.
III. Discussion
We assume, without deciding, that Appellant had notice of the criminality of his conduct, and decide this case solely on the providence issue.[1] This Court reviews a military judge’s acceptance of a guilty plea for an abuse of discretion. United States v. Inabinette, 66 M.J. 320, 322 (C.A.A.F.2008). The test for an abuse of discretion in accepting a guilty plea is whether the record shows a substantial basis in law or fact for questioning the plea. United States v. Passut, 73 M.J. 27, 29 (C.A.A.F.2014). “If an accused sets up matter inconsistent with the plea at any time during the proceeding, the military judge must either resolve the apparent inconsistency or reject the plea.” United States v. Hines, 73 M.J. 119, 124 (C.A.A.F.2014) (quoting United States v. Goodman, 70 M.J. 396, 399 (C.A.A.F.2011) (internal quotation marks omitted)). “This court must find a substantial conflict between the plea and the accused’s statements or other evidence in order to set aside a guilty plea. The mere possibility of a conflict is not sufficient.” Id. (quoting United States v. Watson, 71 M.J. 54, 58 (C.A.A.F.2012) (internal quotation marks omitted)). “The providence of a plea is based not only on the accused’s understanding and recitation of the factual history of the crime, but also on an understanding of how the law relates to those facts.” United States v. Medina, 66 M.J. 21, 26 (C.A.A.F.2008) (citing United States v. Care, 18 C.M.A. 535, 538-39, 40 C.M.R. 247, 250-51 (1969)). We find two substantial bases upon which to question Appellant’s guilty plea in this case.
First, the plea contains unresolved inconsistencies. Specifically, the military judge oscillated in his explanations of what conduct constituted the nude minors offense. Preliminarily, he stated that the images in the nude minors specification must be “outside the definitions of child pornography” and “must not be a lascivious display of their pubic area or something along those lines” or else he would consider them under the child pornography specification. However, he then went on to state that he would in fact consider whether the images were lascivious in determining whether they met the definition of nude minors. But, a few lines later, he again stated that lascivious images would “fall more into the child pornography category.” Shortly after these contradictory statements, the military judge exacerbated the confusion as to which charge he was attempting to explain, by stating generally “I’m sorry, I mentioned child pornography a minute ago, of course I meant nude children or minors.” Appellant contradictorily affirmed (1) that the nude minors images fell outside the definition of child pornography, (2) that the nude minors images involved lascivious poses, and (3) that lascivious images would fall into the child pornography category. Additionally, Appellant responded affirmatively when asked whether the images of nude minors depicted children “performing sex acts or posed in a sexual or promiscuous *387 manner,” despite the military judge’s stater ment that images of nude minors must not meet the definition of child pornography, and despite the fact that the vast majority of the photos associated with the nude minors specification depicted neither.[2] Because the military judge did not go through his special findings with Appellant, it is not at all clear from the record that Appellant understood which images constituted images of nude minors as opposed to child pornography. It is apparent from the record that the military judge provided inconsistent and conflicting explanations of the conduct that he believed constituted the offense of possessing images of nude minors. Appellant affirmed contradictory descriptions of the images at issue, and the confusion was never resolved.[3]
Second, there is a substantial basis upon which to question whether either the military judge or Appellant understood how the law related to the facts of his case. See Medina, 66 M.J. at 26. “When a charge against a servicemember may implicate both criminal and constitutionally protected conduct, the distinction between what is permitted and what is prohibited constitutes a matter of ‘critical significance.’ ” United States v. Hartman, 69 M.J. 467, 468 (C.A.A.F.2011) (quoting United States v. O’Connor, 58 M.J. 450, 453 (C.A.A.F.2003)). “[T]he colloquy between the military judge and an accused must contain an appropriate discussion and acknowledgment on the part of the accused of the critical distinction between permissible and prohibited behavior.” Id. Unlike child pornography and obscenity, the conduct at issue in this case — possessing images of nude minors that fall into neither of those categories — implicates the protections of the First Amendment. United States v. Barberi, 71 M.J. 127, 130-31 (C.A.A.F.2012) (noting that speech outside the categories of ‘“defamation, incitement, obscenity, and pornography produced with real children’” retains First Amendment protection (quoting Ashcroft v. Free Speech Coalition, 535 U.S. 234, 245-46, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002))); New York v. Ferber, 458 U.S. 747, 764-65 n. 18, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982) (holding that child pornography is not protected by the First Amendment, but stating that “nudity, without more is protected expression”); Miller v. California, 413 U.S. 15, 23, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973) (holding that obscenity is not protected by the First Amendment); see also Osborne v. Ohio, 495 U.S. 103, 114, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990) (upholding version of state statute that, as construed by the Ohio Supreme Court, “avoided penalizing persons for viewing or possessing innocuous photographs of naked children”); Ashcroft, 535 U.S. at 256, 122 S.Ct. 1389 (holding that law prohibiting virtual child pornography unconstitutionally abridged protected speech).[4]
*388 It is settled that “under appropriate circumstances conduct that is constitutionally protected in civilian society could still be viewed as prejudicial to good order and discipline or likely to bring discredit upon the armed forces.” Barberi, 71 M.J. at 131 (citing Parker, 417 U.S. at 759, 94 S.Ct. 2547; United States v. Forney, 67 M.J. 271, 275 (C.A.A.F.2009); United States v. Brisbane, 63 M.J. 106, 116 (C.A.A.F.2006); United States v. Mason, 60 M.J. 15, 19 (C.A.A.F.2004)).[5] However, where an Article 134 charge implicates constitutionally protected conduct, the heightened plea inquiry requirements of Hartman apply: the colloquy “must contain an appropriate discussion and acknowledgment on the part of the accused of the critical distinction between permissible and prohibited behavior.” Hartman, 69 M.J. at 468.
Here, the military judge failed adequately to elicit from Appellant that he clearly understood the critical distinction between criminal and constitutionally protected conduct. The military judge commendably expressed reservations about the nude minors specification. Before his colloquy with Appellant, he stated to trial counsel that he “was a little concerned when I saw this specification because it’s not alleging possession of child pornography,” but was instead alleging possession of images that in the “overwhelming number of cases” was not criminal. The military judge did ask for trial counsel’s theory of the ease, but, as we explained in Hartman, a discussion between trial counsel and the military judge “provides no substitute for the requisite interchange between the military judge and the accused.” 69 M.J. at 469. Accordingly, trial counsel’s understanding of her own case theory does not render the plea provident.[6]
The military judge also discussed his concerns with Appellant. Following an overnight recess during which the military judge reviewed the charged images, the military judge and Appellant engaged in the following colloquy:
MJ: Okay. The concern I have here of course, Specialist Moon, is like I talked about yesterday there might be good reason why you’d have images of nude minors. I mean there are works of art hanging up in national galleries that portray children nude, but the point there is an artistic expression and not for sexual gratification or [prurient] interest. You would agree that these weren’t artistic models, correct?
ACC: Yes, sir.
MJ: And it wasn’t for a medical purpose that you had these images, is that right?
ACC: Yes, sir.
MJ: And you possessed them for your sexual gratification is what you told me, correct?
*389 ACC: Yes, sir.
MJ: And do you think that that’s part of why possession of these images isn’t protected under the First Amendment of the United States Constitution as a free expression and so forth, that this was actually a crime?
ACC: Yes, sir.
This colloquy is fatally insufficient because it is an incorrect statement of the law: possession of images for one’s sexual gratification does not itself remove such images from First Amendment protection. If it did, “a sexual deviant’s quirks could turn a Sears catalog into pornography.” United States v. Amirault, 173 F.3d 28, 34 (1st Cir.1999). If an accused’s subjective reaction to otherwise constitutionally protected images places the images in Article 134’s crosshairs, the danger of sweeping and improper applications of the general article would be wholly unacceptable.
In this case, rather than attempting to remove the images of nude minors that were neither child pornography nor obscene from the protection of the First Amendment, the colloquy should have established why the otherwise protected material could still be, and was, prejudicial to good order and discipline or service discrediting in the military context. Without a proper explanation and understanding of the constitutional implications of the charge, Appellant’s admissions in his stipulation and during the colloquy regarding why he personally believed his conduct was service discrediting and prejudicial to good order and discipline do not satisfy Hartman.
IV. Decision
There are substantial bases in law and fact to question Appellant’s guilty plea to Specification 2 of the Additional Charge, and therefore we hold that the military judge abused his discretion in accepting the plea. The judgment of the United States Army Court of Criminal Appeals is reversed as to Specification 2 of the Additional Charge and the sentence. The finding of guilty to Specification 2 of the Additional Charge is set aside and the specification is dismissed. The judgment as to the remaining findings is affirmed. The record of trial is returned to the Judge Advocate General of the Army for remand to the United States Army Court of Criminal Appeals to reassess the sentence.

. Although we do not decide the notice issue in this case, we wholly reject the dissent’s "common sense” test. The Supreme Court in Parker v. Levy ruled that Article 134 was not facially void for vagueness because this Court, along with the Manual for Courts-Martial and other military regulations, has "narrowed the very broad reach of the literal language of the articles, and at the same time has supplied considerable specificity by way of examples of the conduct which they cover.” 417 U.S. 733, 754, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974). The dissent would do away with this Court’s well-established sources of notice with respect to Article 134’s reach, see United States v. Warner, 73 M.J. 1, 3 (C.A.A.F.2013), and replace them with a nebulous "common sense” test. Such a test would reopen Article 134 to the overbreadth concerns identified in Parker v. Levy and is unworkable in practice: one person’s common sense is another person’s nonsense.

. With very few exceptions, the images considered under Specification 2 of the Additional Charge depict minors who appear to be in some sort of nudist colony or camp. They are playing sports, playing on a beach, taking photos with each other, and doing other innocuous and nonsexual activities.

. The confusion in the distinction between the images considered under the Charge and Specification 1 of the Additional Charge as being child pornography as defined by 18 U.S.C. 2256(8) and the images considered under Specification 2 of the Additional Charge is illustrated by the Government’s inconsistent position on this issue. At trial, the Government argued that the images associated with Specification 2 of the Additional Charge did not meet the federal definition of child pornography. The military judge tried the case on that basis. However, on appeal to this Court, the Government argues that the images associated with Specification 2 of the Additional Charge did meet the federal definition of child pornography. It matters not whether, as the Government now argues and the dissent would find, some of the photos in the nude minors category could have qualified as child pornography under some other definition that was not provided to Appellant during the plea inquiry: no one treated them as such at trial, and thus the plea inquiry cannot be saved as provident to a different offense on appeal.

.Although the dissent would create and define a middle ground of "common sense” child pornography, the Supreme Court in Ferber explained that, in order to be unprotected by the First Amendment, "the conduct to be prohibited must be adequately defined" by the applicable law, and include a "suitably limited and described” definition of "sexual conduct.” 458 U.S. at 764, 102 S.Ct. 3348. The state statute approved by the Supreme Court in that case limited "sexual conduct” to "actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sado-masochistic abuse, or *388 lewd exhibition of the genitals.” Id. at 751, 102 S.Ct. 3348. This sanctioned definition may not encompass the universe of legally sound statements of what child pornography is, but it is far narrower than the dissent's preferred definition, which exists in no applicable law, and which provides no suitable limiting principles of when a depiction of some unclothed body part would be considered lewd. Regardless, whether any of the images in this case would meet some judicially created "common sense” definition of child pornography is inapposite: the issue sub judice is the providence of a plea in which confusing and contradictory definitions were provided by the military judge. Appellant affirmed contradictory descriptions of the images he possessed, and the confusion was never resolved.

. This Court has also noted the possibility of charging images that do not meet the federal definition of child pornography, but meet some other definition of child pornography. Barberi, 71 M.J. at 131. Assuming such a charge satisfied notice requirements, see generally Warner, 73 M.J. 1, no such charge was presented in this case. Despite the dissent’s view and the Government's appellate arguments to the contrary, the military judge variously stated that the nude minors specification did not allege child pornography, that the images of nude minors fall outside the definition of child pornography and must not include a lascivious display, and that the images are not child pornography. Simply put, the nude minors specification was not aimed at child pornography, under the federal definition or otherwise.

. In any event, as we explain below, trial counsel's case theory — that possession of images of nude minors is criminal where the focal point is nude children, with no artistic value, and where the images are used for sexual gratification— does not provide an adequate explanation of the critical distinction between criminal and constitutionally protected conduct.