# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class WAYNE C. VILLARREAL JR.**
**United States Army, Appellant**

ARMY 20130730

Headquarters, 7th Infantry Division
Jeffery D. Lippert and David L. Conn, Military Judges
Lieutenant Colonel Michael S. Devine, Staff Judge Advocate

For Appellant:  Colonel Kevin Boyle, JA; Major Robert N. Michaels, JA; Captain Michael J. Millios, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Major Daniel D. Derner, JA; Captain Daniel M. Goldberg, JA (on brief).

13 February 2015

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of two specifications of possessing digital images of child pornography, one specification of possessing digital images of child erotica depicting minors in sexually suggestive positions, and one specification of possessing photo shop art depicting superimposed photographs of the appellant with photographs of young girls, in violation of Article 134 Uniform Code of Military Justice, 10 U.S.C. § 934 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for ten months, forfeiture of all pay and allowances, and reduction to the grade of E-1.  The convening authority approved the sentence as adjudged.

Appellant's case is before this court for review under Article 66, UCMJ. Appellate counsel assigned three errors to this court, and appellant personally raised matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).  The assigned errors warrant discussion and relief.  The matters raised pursuant to *Grostefon* are without merit.

First, appellant alleges Specifications 3 and 4 of The Charge are void for vagueness because appellant was not given fair notice that the charged conduct of possessing child erotica and photo shop art depicting himself with minors was forbidden and subject to criminal action. Second, appellant argues that there is a substantial basis in law to question appellant's guilty plea to Specification 4 alleging he possessed "photo art of himself with minors." Third, appellant argues that the constitutionally protected conduct of Specifications 3 and 4 did not have a direct and palpable impact on the military mission. The government concedes that Specifications 3 and 4 were erroneously charged and must be dismissed.

In light of the government's concession and our superior court's recent decisions regarding child erotica, *see United States v. Merritt*, 72 M.J. 483 (C.A.A.F. 2013); *United States v. Warner*, 73 M.J. 1 (C.A.A.F. 2013); *United States v. McKim-Burwell*, 73 M.J. 231 (C.A.A.F. 2014) (summ. disp.); *United States v. Moon*, 73 M.J. 382 (C.A.A.F. 2014), we set aside the findings of guilty for those specifications and dismiss both.

**CONCLUSION**

Upon consideration of the entire record, the findings of guilty of Specifications 3 and 4 of The Charge are set aside and dismissed. The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the errors noted, the entire record, and in accordance with the principles of *United States v. Winckelmann*, 73 M.J. 11 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), we affirm only so much of the sentence as extends to a bad-conduct discharge, confinement for nine months, forfeiture of all pay and allowances, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings and sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court