# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, HAIGHT, and MAGGS[*]
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist BRANDON J. GREENE**
**United States Army, Appellant**

ARMY 20130401

Headquarters, 2nd Infantry Division
Wendy P. Daknis, Military Judge
Lieutenant Colonel Paula I. Schasberger, Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Payum Doroodian, JA (on brief).

For Appellee: Major A.G. Courie III, JA; Major Steven J. Collins, JA; Captain Anne C. Hsieh, JA (on brief).

29 June 2015

--------------------------------
SUMMARY DISPOSITION
--------------------------------

MAGGS, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of wrongful sexual contact, three specifications of distribution of child pornography, two specifications of possession of child pornography, one specification of possession of cartoon child pornography, one specification of possession of text files describing child pornography, twelve specifications of indecent language, and three specifications of solicitation, in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 934 (2006 & Supp. IV) [hereinafter UCMJ]. The military judge sentenced appellant to a dishonorable discharge, confinement for ten years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged and credited appellant with 81 days of confinement.

---

[*]Judge MAGGS took final action in this case while on active duty.

**BACKGROUND**

At issue in this case is Specification 22 of Charge II. This Specification alleged an offense under Article 134, UCMJ:

> [i]n that Specialist Brandon J. Greene, U.S. Army, did, at or near Camp Stanley, Republic of Korea, on or about 7 July 2011, wrongfully solicit a person identified as "motorheadaus" to distribute child erotica by communicating in writing "Okay . . . but send me some boy butt pics first" and "Okay send me some little girl's spread ass pics then," or words to that effect, such conduct being of a nature to bring discredit upon the armed forces.

Before accepting appellant's guilty plea to this specification, the military judge conducted an extensive providence inquiry. Appellant told the military judge that he had been communicating over the internet with someone he believed to be an Australian citizen. Appellant emphasized that he was asking for "child erotica" rather than "child pornography," explaining that "this wasn't sexual acts with minors and adults" and that it was not "sexually explicit conduct." He also told the military judge that he knew asking for child erotica was wrongful because "it still deals with images of children in situations that would stimulate someone's sexual desires." He further said that he was convinced that the person whom he solicited should have known that distributing child erotica was a crime because distributing "pictures that stimulate someone's sexual desires is wrong."

Appellant asserted during the providence inquiry that he had reviewed the laws of Australia and was convinced that distribution of child erotica in Australia was a crime. He did not elaborate on the details of Australian law. For example, there was no specific discussion of what types of images would be permissible and what types would be prohibited. There was also no discussion of U.S. constitutional law. Finally, appellant said that his conduct was of a nature to bring discredit upon the Armed Forces "because it would ruin the professional and moral image of the Army if people found out about it." Trial counsel and defense counsel assured the military judge that no further inquiry was necessary, and the military judge accepted appellant's plea of guilty.

**DISCUSSION**

In his first assignment of error, appellant asserts that Specification 22 of Charge II fails to state an offense. He argues that the Specification is defective because federal child pornography laws would not prohibit the child erotica solicited in this case. He further argues that it would be legally impossible to solicit an Australian citizen, who is not subject to the UCMJ, to violate Article 134. We

cannot agree with either of these broadly stated arguments. In certain circumstances, conduct may violate Article 134, UCMJ, even if it does not violate federal criminal statutes. *See Manual for Courts-Martial, United States* (2008 ed.) [hereinafter *MCM*], pt. IV, ¶ 60.c.(3). In addition, the question in determining whether an Article 134 violation has occurred is not whether the person solicited could have violated the UCMJ but instead whether the offense, "if committed by one subject to the code, would be punishable under the code." *MCM*, pt. IV ¶ 105.e.

Despite rejecting the arguments in appellant's brief, we nonetheless determine that appellant's guilty plea was improvident with respect to Specification 22 of Charge II. The colloquy on the plea took place on 1 May 2013. Since that date, our superior court has issued three opinions on the issue of when conduct that does not violate federal child pornography laws may constitute an offense under Article 134, UCMJ. In *United States v. Merritt,* 72 M.J. 484, 485 (C.A.A.F. 2013), the court held that the accused did not have "notice that the act of viewing child pornography could be prosecuted" at a time when no federal statute prohibited this conduct and only a few state criminal statutes had addressed it. In *United States v. Warner,* 73 M.J. 1, 4 (C.A.A.F. 2013), the court held that the accused did not have fair notice of the criminality of possessing images of children that are "sexually suggestive but do not depict nudity or otherwise reach the federal definition of child pornography." Most recently, in *United States v. Moon,* 73 M.J. 382, 383 (C.A.A.F. 2014), building on these precedents, the court held the accused's plea of guilty to possessing images of "nude minors and persons appearing to be nude minors" was improvident. Because of the timing of the trial in this case, the military judge and appellant were unable to discuss and apply the principles established by these subsequent precedents.

Most relevant to the present case is the *Moon* decision. In *Moon*, the military judge elicited the accused's belief that the images were not protected by the First Amendment because the accused possessed them for "sexual gratification." Our superior court concluded: "This colloquy is fatally insufficient because it is an incorrect statement of the law: possession of images for one's sexual gratification does not itself remove such images from First Amendment protection. If it did, 'a sexual deviant's quirks could turn a Sears catalog into pornography.'" 73 M.J. at 389 (quoting *United States v. Amirault,* 173 F.3d 28, 34 (1st Cir. 1999)). Accordingly, the court in *Moon* concluded that the plea as improvident because there was "a substantial basis upon which to question whether either the military judge or Appellant understood how the law related to the facts of his case." *Moon*, at 387.

We reach the same determination here. As discussed above, appellant emphasized that both he and the recipient of his solicitation should have known that the requested child erotica was wrongful because the images would appeal to his "sexual desires." *Moon* makes clear that this is not the correct standard. *See* 73 M.J. at 389. Instead, the military judge must determine "whether [the accused] had fair notice that the charged conduct was prohibited and subject to criminal sanction,"

*Warner,* 73 M.J. at 2.  Although appellant asserted that Australian law would criminalize the conduct at issue, we do not think the military judge sufficiently inquired into this matter.   Specifically missing was an "'appropriate discussion and acknowledgment on the part of [appellant] of the critical distinction between permissible and prohibited behavior.'"  *Moon*, 73 M.J. at 387 (quoting *United States v. Hartman*, 69 M.J. 467, 468 (C.A.A.F. 2011)).  Accordingly, upon consideration of the entire record, the finding of guilty of Specification 22 of Charge II is set aside.

Appellant raises two other assignments of error.  We have determined that they do not have merit and do not warrant discussion.  We have also considered the matters personally asserted by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and have determined that they are also without merit.  The remaining findings of guilty are AFFIRMED.

We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann,* 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales,* 22 M.J. 305 (C.M.A. 1986).  First, we find no dramatic change in the penalty landscape in this court-martial.  Second, appellant was sentenced by a military judge. Third, the remaining offenses capture the gravamen of appellant's wide ranging misconduct. Fourth, based on our experience, we are familiar with the remaining offenses so that we may reliably determine what sentence would have been imposed at trial.

After reassessing the sentence and the entire record, we AFFIRM the approved sentence. We find this purges the error in accordance with *Sales* and *Winckelmann,* and is also appropriate under Article 66(c), UCMJ.  All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision are ordered restored.

Senior Judge COOK and Judge Haight concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court