# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist MATTHEW H. FUEYO**
**United States Army, Appellant**

ARMY 20140316

Headquarters, 7th Infantry Division
Jeffery D. Lippert, Military Judge
Lieutenant Colonel Michael S. Devine, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Charles D. Lozano, JA; Major Yolanda McCray Jones, JA; Lieutenant Colonel Jason J. Elmore, JA (on brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Major A.G. Courie III, JA; Major Steven J. Collins, JA; Captain Robyn M. Chatwood, JA (on brief).

15 October 2015

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of communicating indecent language and one specification of exchanging inappropriate digital images under such circumstances as to bring discredit to the armed forces, in violation of Article 134 Uniform Code of Military Justice, 10 U.S.C. § 934 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for one hundred and forty days, and reduction to the grade of E-1.  The convening authority approved the adjudged sentence.

Appellant's case is before this court for review under Article 66, UCMJ. Appellate counsel assigned two errors to this court.  One of the assigned errors warrants discussion and relief.

Appellant alleges the military judge abused his discretion in accepting his guilty plea to The Specification of The Additional Charge that alleges appellant "exchange[d] inappropriate digital images with Ms. J.H., such conduct being of a nature to bring discredit upon the armed forces." We agree with appellant's assertion because the military judge failed to distinguish between constitutionally protected and prohibited conduct, and failed to resolve inconsistencies in the providence inquiry.

"A military judge's acceptance of an accused's guilty plea is reviewed for an abuse of discretion. The test for an abuse of discretion is whether the record shows a substantial basis in law or fact for questioning the plea." *United States v. Schell*, 72 M.J. 339, 345 (C.A.A.F. 2013) (citing *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008)).

"[W]here an Article 134 charge implicates constitutionally protected conduct, the heightened plea inquiry requirements of *Hartman* apply: the colloquy 'must contain an appropriate discussion and acknowledgement on the part of the accused of the critical distinction between permissible and prohibited behavior.'" *United States v. Moon*, 73 M.J. 382, 388 (C.A.A.F. 2014) (citing *United States v. Hartman,* 69 M.J. 467, 468 (C.A.A.F. 2011). "Without a proper explanation and understanding of the constitutional implications of the charge, [a]ppellant's admissions in his stipulation and during the colloquy regarding why he personally believed his conduct was service discrediting and prejudicial to good order and discipline do not satisfy *Hartman*." *Moon*, 73 M.J. at 389.

During the providence inquiry, the military judge provided the elements and definitions for the indecent language specification and the exchange of inappropriate digital images specification. The military judge had appellant discuss the specifications at the same time because the conduct took place contemporaneously. The inappropriate digital images from appellant's phone, that were the basis for The Specification of the Additional Charge, showed Ms. J.H., a fifteen year-old girl, in a bikini or low-cut top.[*] While the military judge mentioned there could be legitimate reasons for accepting these images, such as if appellant was a modeling agent, and gleaned from appellant there was no legitimate reason for him to exchange or possess the images, the military judge did not clearly articulate the critical distinction between permissible and prohibited behavior from the constitutional standpoint. The military judge failed to define "inappropriate digital images" or clearly discuss the constitutional protections afforded by the First Amendment and how those constitutional protections could apply to the images in The Specification of The Additional Charge.

---

[*] Although appellant admitted in the stipulation of fact that he sent a photo of his exposed penis to Ms. J.H. and she sent him pictures exposing her breasts and vagina, both parties agreed this misconduct was not included in the "exchange [of] inappropriate digital images."

**CONCLUSION**

In light of the above, and our superior court's recent decision in *Moon*, the findings of guilty of The Additional Charge and its Specification are set aside and DISMISSED. The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), we AFFIRM the approved sentence.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court