# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant RODRIQUEZ J. COBB**
**United States Army, Appellant**

ARMY 20140631

Headquarters, Fort Bliss
Michael J. Hargis, Military Judge
Colonel Karen H. Carlisle, Staff Judge Advocate

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Major Andres Vazquez, Jr., JA; Major Daniel E. Goldman, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Daniel D. Derner, JA; Captain Samuel E. Landes, JA (on brief).

27 May 2016

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of four specifications of sexual harassment, one specification of assault consummated by a battery, one specification of adultery, and one specification of possessing sexually oriented pictures of junior enlisted soldiers, in violation of Articles 92, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 928, and 934 (2012) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for eleven months, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged.

Appellant's case is before this court for review under Article 66, UCMJ. Appellate counsel assigned one error to this court warranting discussion and relief.

In his assigned error, appellant alleges the military judge abused his discretion by accepting a guilty plea to Specification 2 of Charge III when the

military judge failed to distinguish between constitutionally protected and prohibited conduct, and failed to resolve the inconsistencies in the providence inquiry.

"A military judge's acceptance of an accused's guilty plea is reviewed for an abuse of discretion. The test for an abuse of discretion is whether the record shows a substantial basis in law or fact for questioning the plea." *United States v. Schell*, 72 M.J. 339, 345 (C.A.A.F. 2013) (citing *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008)).

We agree with appellant's assertion that the military judge failed to adequately distinguish between constitutionally protected and prohibited conduct. "[W]here an Article 134 charge implicates constitutionally protected conduct, the heightened plea inquiry requirements of *Hartman* apply: the colloquy 'must contain an appropriate discussion and acknowledgement on the part of the accused of the critical distinction between permissible and prohibited behavior.'" *United States v. Moon*, 73 M.J. 382, 388 (C.A.A.F. 2014) (citing *United States v. Hartman,* 69 M.J. 467, 468 (C.A.A.F. 2011). "Without a proper explanation and understanding of the constitutional implications of the charge, [a]ppellant's admissions in his stipulation and during the colloquy regarding why he personally believed his conduct was service discrediting and prejudicial to good order and discipline do not satisfy *Hartman*." *Moon*, 73 M.J. at 389.

Although the military judge discussed appellant's conduct in possessing sexually oriented pictures of a junior enlisted soldier, which included a video of appellant committing adultery with a junior enlisted soldier, and gleaned from appellant that possession of these items on his cell phone were prejudicial to good order and discipline and service discrediting, the military judge did not clearly articulate the critical distinction between permissible and prohibited behavior from the constitutional standpoint. The record reflects that the military judge had reservations about the criminality of appellant's mere possession of the pictures. The military judge discussed the criminality of the specification with appellant's defense counsel at length, but mainly discussed with appellant how possession of the pictures were prejudicial to good order and discipline and service discrediting. After that discussion the military judge moved on to discuss another specification in the case. The military judge did not clearly discuss with appellant the constitutional protections afforded by the First Amendment and how those constitutional protections could potentially apply to the pictures in Specification 2 of Charge III.

In light of the above, and our superior court's decision in *Moon*, we set aside the finding of guilty for Specification 2 of Charge III and dismiss that specification.

Given the error noted above, and applying the factors in *United States v. Winckelmann*, we are confident, considering the remaining specifications, we can reassess appellant's sentence. 73 M.J. 11, 15-16 (C.A.A.F. 2013). Appellant remains convicted of one specification of assault consummated by a battery, one

specification of adultery, and four specifications of sexual harassment. Specification 2 of Charge III carries a maximum period of confinement of four months, while the maximum confinement in this case was nine years and ten months. Thus, neither the penalty landscape nor the admissible aggravation evidence has significantly changed. *Id.*

Appellant also elected trial by judge alone, and we "are more likely to be certain of what a military judge would have done as opposed to members." *Wincklemann*, 73 M.J. at 16. Finally, this court reviews the records of a substantial number of courts-martial involving offenses similar to those in this case and we have extensive experience and familiarity with the level of sentences imposed for such offenses under various circumstances. *Id.* We are confident the military judge would have adjudged the same sentence absent the error noted.

## CONCLUSION

The finding of guilty of Specification 2 of Charge III is set aside and dismissed. The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *Winckelmann*, we AFFIRM the sentence. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his findings set aside by this decision, are ordered restored.

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court