# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

## No. ACM S32406

————————————

## UNITED STATES
*Appellee*

**v.**

## Nelson W. MEURER
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 24 May 2017

————————————

*Military Judge:* Vance H. Spath.

*Approved sentence:* Bad-conduct discharge, confinement for 10 months, forfeiture of $1,000.00 pay per month for 10 months, and reduction to E-1. Sentence adjudged 6 April 2016 by SpCM convened at Eglin Air Force Base, Florida.

*For Appellant:* Major Annie W. Morgan, USAF.

*For Appellee:* Major G. Matt Osborn, USAF; Gerald R. Bruce, Esquire.

Before MAYBERRY, JOHNSON, and SPERANZA, *Appellate Military Judges.*

Senior Judge JOHNSON delivered the opinion of the court, in which Senior Judge MAYBERRY and Judge SPERANZA joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

JOHNSON, Senior Judge:

A special court-martial composed of a military judge found Appellant guilty, in accordance with his pleas and pursuant to a pretrial agreement with the convening authority, of one specification of sexual abuse of a child and one

specification of enticement of a child under the age of 18 years as prohibited by 18 U.S.C. § 2422(b), in violation of Articles 120b and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920b, 934.[1] Appellant's adjudged and approved sentence consisted of a bad-conduct discharge, confinement for ten months, forfeiture of $1,000.00 pay per month for ten months, and reduction to the grade of E-1.[2]

Before us, Appellant asserts his plea of guilty to the charge of enticing a child in violation of Article 134, UCMJ, was improvident in multiple respects. We find no error and affirm the findings and sentence.

## I. BACKGROUND

Appellant was a security forces member stationed at Eglin Air Force Base, Florida. In 2014, Appellant joined a local motorcycle club. His sponsor in the club, DS, had a stepdaughter, RS, whom Appellant met through club activities. DS later switched his affiliation to another motorcycle club, but Appellant continued to spend time with DS and his family, including RS. In August of 2015, with DS's guarded permission, Appellant spent several hours with RS, giving her a ride on his motorcycle and taking her to lunch. DS warned Appellant beforehand via text message that RS "was only 15 [years old] . . . I don't want to kill you," to which Appellant responded "shes [sic] ur daughter bro I wouldn't try anything with a brothers [sic] daughter."

Nevertheless, communications between Appellant and RS increased after this motorcycle ride. During a Skype video call approximately one week later, Appellant exposed his penis to RS while he masturbated. Also in August of 2015, Appellant sent RS a message via the SnapChat mobile phone application to the effect that when they both attended an upcoming "family night" gathering at the clubhouse, RS should wear a green or blue shirt as a signal that she wanted to go to a secluded location to engage in sexual activity with Appellant. RS later described Appellant's message in a SnapChat exchange with a friend during which she also expressed her desire to have sex with Appellant. How-

---

[1] Pursuant to the pretrial agreement between Appellant and the convening authority, a separate specification of sexual abuse of a child in violation of Article 120b, Uniform Code of Military Justice, was withdrawn and dismissed at trial.

[2] The pretrial agreement provided the convening authority would approve no confinement in excess of 11 months, but included no other limitations on the sentence he could approve. Accordingly, the agreement had no impact on the convening authority's ability to approve the adjudged sentence.

ever, RS wore a black shirt to the event. Appellant's activities came to the attention of RS's parents soon thereafter; they reported Appellant's offenses to civilian police and Appellant informed his Air Force supervisor.

At trial, Appellant pleaded guilty to sexual abuse of a child in violation of Article 120b, UCMJ, by exposing his penis to RS during the Skype video call, and to the following violation of Article 134, UCMJ:

> In that [Appellant] . . . did, at or near Crestview, Florida, on or about 17 August 2015, using a means of interstate commerce, to wit: the Internet, knowingly entice, [RS], a child who had not attained the age of 18 years, to engage in sexual activity of a criminal nature, in violation of 18 United States Code Section 2422(b).

The military judge's providence inquiry[3] with Appellant included the following exchange regarding the meaning of "entice":

> MJ [Military Judge]: So, what does entice mean? Ordinary meaning. So, just think of the dictionary. To attract someone to do something by arousing hope, desire or interest in doing some particular thing; does that make sense?
>
> ACC [Appellant]: Yes, sir.
>
> MJ: And so how do you believe you were knowingly enticing her to engage in sexual conduct?
>
> ACC: Because I was asking her to wear a specific article of clothing so that would be the signal to go across the street [to engage in sexual activity].
>
> MJ: Where were you meeting that day?
>
> ACC: At the Iron Rockets Clubhouse, sir, located in Fort Walton Beach.
>
> MJ: And it was for a picnic or something?
>
> ACC: Family dinner.
>
> MJ: So, in your messaging to her it was a color to wear to indicate to you that she had interest in engaging in the sexual activity?
>
> ACC: Yes, sir.
>
> MJ: And what were the colors?

---

[3] *United States v. Care*, 40 C.M.R. 247 (C.M.A. 1969).

ACC: Blue or green, sir.

MJ: And then what were you thinking if she had worn that color shirt? The plan was to go somewhere else away from the family dinner and engage in the sexual activity; is that accurate?

ACC: Yes, sir.

## II. DISCUSSION

### A. Standard of Review

A military judge's decision to accept a guilty plea is reviewed for an abuse of discretion. *United States v. Blouin*, 74 M.J. 247, 251 (C.A.A.F. 2015). "The test for an abuse of discretion in accepting a guilty plea is whether the record shows a substantial basis in law or fact for questioning the plea." *United States v. Moon*, 73 M.J. 382, 386 (C.A.A.F. 2014). The military judge must question the accused under oath about the offenses to ensure there is an adequate factual basis for a guilty plea. Rule for Courts-Martial 910(e); *see* Article 45(a), UCMJ, 10 U.S.C. § 845(a). It is an abuse of discretion for the military judge to accept a guilty plea without an adequate factual basis or based on an erroneous view of the law. *United States v. Weeks*, 71 M.J. 44, 46 (C.A.A.F. 2012). However, we look to the entire record to determine whether there is a substantial basis to question the guilty plea. *United States v. Jordan*, 57 M.J. 236, 239 (C.A.A.F. 2002).

Whether a specification is defective is a question of law appellate courts review de novo. *United States v. Ballan*, 71 M.J. 28, 34 (C.A.A.F. 2012). A claim that a charge fails to state an offense, if not raised at trial, is tested for plain error on appeal. *Id.* To prevail under a plain error analysis, an appellant must show (1) there was an error; (2) the error was plain and obvious; and (3) the error materially prejudiced a substantial right. *United States v. Girouard*, 70 M.J. 5, 11 (C.A.A.F. 2011).

### B. Analysis

Appellant advances three arguments as to why his plea of guilty to enticing a child to engage in illegal sexual activity in violation of Article 134, UCMJ, is improvident. We consider each in turn.

#### 1. Failure to State an Offense

Appellant contends for the first time on appeal that the specification alleging a violation of Article 134 fails to state an offense because it does not expressly include the language, "an offense not capital." Citing the United States Court of Appeals for the Armed Forces (CAAF) decision in *United States v. Fosler*, he notes that Article 134 is composed of three clauses which constitute "distinct and separate" categories of offenses: disorders and neglects to the

prejudice of good order and discipline; conduct of a nature to bring discredit upon the armed forces; and "crimes and offenses not capital." 70 M.J. 225, 226, 230 (C.A.A.F. 2011); *see* Article 134, UCMJ, 10 U.S.C. § 934. Appellant correctly notes that a violation of one of these clauses does not necessarily lead to a violation of the others, and an accused is entitled to notice as to which of the three types of offenses he is charged with violating. *Fosler*, 70 M.J. at 230. Appellant asserts the specification's failure to include the phrase "an offense not capital," coupled with the military judge's failure to explain the third clause of Article 134 to Appellant during the providence inquiry, fatally undermines his guilty plea.

We disagree. In *Fosler*, the CAAF recognized that while the commission of "an offense not capital" is a required element for a charge under the third clause of Article 134, that element may be alleged "expressly or by necessary implication." *Id.* at 232. Unlike *Fosler*, the specification Appellant pleaded guilty to here specifically cited a non-capital federal criminal statute, 18 U.S.C. § 2422(b), and included in its text every element of that offense.[4] Thus, the specification clearly alleged the commission of "an offense not capital," and we have no doubt it was perfectly clear to the Defense which clause of Article 134 Appellant was charged with violating.[5]

Moreover, *Fosler* involved a charge to which the accused pleaded not guilty; in *Ballan*, the CAAF explained the analysis is quite different where an appellant pleads guilty and challenges the sufficiency of the specification for the first time on appeal. 71 M.J. at 34–35. In *Ballan*, the CAAF found the failure to allege prejudice to good order and discipline or discredit to the service rendered the specification defective in light of *Fosler*; yet, applying a plain error analysis, the court found no prejudice to a substantial right where the appellant admitted to every element of the offense—including the service discrediting nature of his conduct—during the providence inquiry. *Id.* Similarly, Appellant was informed of and admitted to every element of the Article 134 offense charged against him. Appellant attempts to distinguish *Ballan* by arguing that in his case the military judge did not use the terms "crime or offense not capital" or specifically explain how clause three of Article 134 operates, but we are not

---

[4] As the military judge explained to Appellant at trial, these elements included that Appellant: (1) using a means of interstate commerce; (2) did knowingly entice; (3) RS, a child under the age of 18 years; (4) to engage in criminal sexual activity; (5) in violation of 18 U.S.C. § 2422(b).

[5] We note that Executive Order 13,740, published 22 September 2016, amended the *Manual for Courts-Martial, United States* (*MCM*) by, *inter alia*, inserting a requirement that violations of Article 134 charged under clause 3 "must expressly allege that the conduct was 'an offense not capital . . . .'" *MCM*, pt. IV, ¶ 60.c.(6)(b) (2016 ed.). However, this requirement did not exist at the time of Appellant's trial.

persuaded. As in *Ballan*, the military judge's inquiry ensured Appellant understood the nature of the alleged violation and admitted to every element of the offense he had been charged with. *See id.* at 35. Thus, even if the omission of the language "an offense not capital" from the specification had been error, we would find no material prejudice to a substantial right and, therefore, we would find no relief warranted under the plain error standard. *See Girouard*, 70 M.J. at 11.

### 2. Factual Basis for the Guilty Plea

Appellant next contends the military judge failed to adduce a sufficient factual basis for his guilty plea. Specifically, Appellant notes the Government charged him with "knowingly entic[ing]" RS to engage in criminal sexual activity. Appellant argues this would require the Government to prove not only that he sent a communication to RS with the intent to entice her, but that she was actually enticed. Appellant points to the fact that RS wore a black shirt to the family dinner, rather than the green or blue shirt that was to be the signal that she desired to engage in sexual activity with Appellant, as evidence RS was not, in fact, enticed.

It is true that the definition of "entice" the military judge gave Appellant could be understood to mean an *actual* arousal of hope, desire, or interest in the sexual activity. It is also true that the military judge's colloquy with Appellant focused on Appellant's intent in sending the message rather than on his success in generating interest on RS's part. The stipulation of fact admitted as a prosecution exhibit also fails to clarify whether RS felt any desire or interest as a result of Appellant's message. Furthermore, the Government could have charged an *attempt* to entice RS, which 18 U.S.C. § 2422(b) also prohibits, rather than actual enticement, but it elected not to do so.

However, it is unnecessary for us to further parse the definition of "entice" because, even accepting Appellant's contention that the accomplishment of an actual effect in the victim's mind was required, the record here indicates Appellant's message had the intended effect of arousing desire and interest in RS. In examining the factual basis for the guilty plea we may consider not only the providence inquiry, but the entire record. *Jordan*, 57 M.J. at 239. The text conversation between RS and her friend wherein she discusses Appellant's text regarding the green or blue shirt, admitted as a defense exhibit, clearly indicates Appellant had aroused her interest and desire. The fact that RS, for any number of possible reasons, ultimately wore a black shirt to the family dinner rather than a green or blue one does not establish Appellant's message had no effect on RS. Therefore, we find no substantial basis in law or fact to disturb the guilty plea. *See Moon*, 73 M.J. at 386.

### 3. Military Judge's Instructions to Appellant

Appellant's final argument appears intended to complement, and to be predicated on the success of, his second argument. Following his contention that Appellant's conviction for knowingly enticing RS fails for lack of a factual basis, he acknowledges Appellant might have been charged with attempted enticement, which is also a violation of 18 U.S.C. § 2422(b). However, he continues, a provident guilty plea to attempted enticement would require that the military judge instruct Appellant that his actions amounted to a "substantial step" toward enticing RS and not "mere preparation." *United States v. Schell*, 72 M.J. 339, 345–46 (C.A.A.F. 2013). Here, the military judge did not so instruct Appellant for the logical reasons that (1) Appellant was not charged with attempt, and (2) the military judge found Appellant's plea to "actual" enticement to be provident. Because we find a sufficient factual basis in the record for the charged enticement, as described above, Appellant's argument regarding the failure to instruct on a substantial step loses any significance.

## III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court