# United States Navy-Marine Corps Court of Criminal Appeals

_____

**UNITED STATES**
*Appellee*

v.

**Randy A. LOPEZ**
**Staff Sergeant (E-6), U.S. Marine Corps**
*Appellant*

_____

**No. 201700252**

_____

Appeal from the United States Navy-Marine Corps Trial Judiciary

*Decided:* 31 January 2019.

_____

*Military Judge:* Major Michael D. Libretto, USMC.

*Approved Sentence:* Reduction to E-1, confinement for 3 years,[1] and a dishonorable discharge. Sentence adjudged 23 March 2017 by a general court-martial convened at Parris Island, South Carolina, consisting of a military judge sitting alone.

*For Appellant:* Commander Suzanne M. Lachelier, JAGC, USN.

*For Appellee:* Captain Lucas R. Huisenga, USMC.

_____

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Appellate Procedure 30.2.**

_____

---

[1] The Convening Authority suspended all confinement in excess of 18 months pursuant to a pretrial agreement.

Before WOODARD, FULTON, and HITESMAN,
*Appellate Military Judges.*

FULTON, Senior Judge:

A general court-martial convicted Staff Sergeant Lopez, in accordance with his pleas, of one charge and specification of sexual abuse of a child by committing a lewd act, and one charge and specification of committing indecent conduct—violations of Articles 120b(c) and 134, Uniform Code of Military Justice (UCMJ).[2]

In his sole assignment of error, the appellant alleges the military judge abused his discretion by accepting the appellant's guilty plea to Charge I and its sole specification (sexual abuse of a child by committing a lewd act). The appellant argues that his conviction is legally insufficient because the victim was not aware of his conduct. We conclude otherwise.

## I. BACKGROUND

Twice in the middle of the night, the appellant took off all of his clothes and went into his 10-year-old adopted daughter's room and masturbated while she slept. The appellant's daughter, JL, did not wake up and was unaware of the appellant's conduct. On a third occasion, 28 October 2016, SL—the appellant's wife and JL's mother—noticed the lights were on in JL's room. SL's entered her daughter's room to find the appellant naked, standing near JL's bed, about to masturbate. SL immediately called 9-1-1 and the appellant was apprehended.

The appellant was initially charged with two specifications of sexual abuse of a child under Article 120b(c), UCMJ, for exposing his penis to JL while she was sleeping (Charge I), and one specification of indecent conduct under Article 134, UCMJ, for masturbating on divers occasions in JL's presence while she slept (Charge II).

After securing a pretrial agreement, the appellant pleaded guilty to one specification of sexual abuse of a child under Charge I and to the sole specification of indecent conduct under Charge II. The specification to which the appellant pleaded guilty under Charge I alleges that the appellant intentionally exposed his genitalia to JL, with an intent to arouse and gratify the sexual desire of the said Staff Sergeant Lopez.

During the inquiry into his guilty plea, the military judge explained to the appellant that this offense consisted of two elements:

---

[2] 10 U.S.C. §§ 920b, 934 (2016).

(1) That the appellant intentionally exposed his genitalia to a child by any means; and

(2) That the appellant did so with an intent to gratify his sexual desires.[3]

During the providence inquiry, the appellant explained to the military judge that he was guilty of this offense because he intentionally exposed his penis to JL on 28 October 2016 when he went into her room to masturbate. When the military judge asked the appellant why he intended to expose his genitalia to her, the appellant stated that he did so in order gratify his own sexual desire. The appellant also stated that the lights were on, that JL was sleeping facing the wall, but that she could have woken up at any time, and that he was standing four feet away from her. The appellant further stated that JL did not have any medical impairment that would have prevented her from seeing his genitalia had she awoken. The appellant's testimony was consistent with his stipulation of fact.[4]

## II. DISCUSSION

The appellant argues that his plea of guilty to sexual abuse of JL by committing a lewd act is not legally sufficient because Article 120b(c) requires that JL be aware of the indecent exposure of the genitalia. Since JL was asleep and unaware of his conduct, the appellant asserts his conduct was not criminal.

We review a military judge's acceptance of a plea of guilty for an abuse of discretion, reversing only if the "record shows a substantial basis in law or fact for questioning the plea."[5] A substantial basis exists if the appellant has pled guilty to conduct that was not criminal.[6] A military judge abuses his discretion if he accepts an appellant's guilty plea based upon an erroneous view of the law.[7] "The providence of a plea is based not only on the accused's un-

---

[3] *See* MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.) Part IV, ¶45b.b(4)(c).

[4] Prosecution Exhibit 1 at 2.

[5] *United States v. Moon*, 73 M.J. 382, 386 (C.A.A.F. 2014) (citing *United States v. Passut*, 73 M.J. 27, 29 (C.A.A.F. 2014)).

[6] *United States v. Ferguson*, 68 M.J. 431, 433 (C.A.A.F. 2010) (noting that we should review such an issue).

[7] *United States v. Weeks*, 71 M.J. 44, 46 (C.A.A.F. 2012).

derstanding and recitation of the factual history of the crime, but also on an understanding of how the law relates to those facts."[8]

Article 120b(c), UCMJ, provides that, "[a]ny person subject to this chapter who intentionally commits a lewd act upon a child is guilty of sexual abuse of a child and shall be punished as a court-martial may direct."[9] The statute defines *lewd act* to include "intentionally exposing one's genitalia . . . to a child . . . with an intent to . . . arouse or gratify the sexual desire of any person."[10] The appellant argues that this definition is ambiguous because it does not state whether the child must be aware of the exposure for it to qualify as a "lewd act."

The appellant contends that if JL was unaware of his conduct, he did not expose himself to her. The word *exposing* is not defined in the statue. But the statutory language does not require that the child be aware of the appellant's conduct for the exposure to qualify as a lewd act. *Expose*, like many English words, has several meanings. But this does not render the statute ambiguous. When a term is not defined in a statute, we use its ordinary meaning, considering the context in which it was used, and the broader statutory context.[11] The ordinary meaning of *expose*, and the one consistent with the context of this statute, is "to lay open . . . leave unprotected . . . to make accessible."[12] This definition places the focus on the appellant's actions, not JL's awareness. Here, the appellant admitted that he entered JL's bedroom while naked and that he intentionally exposed his genitalia to her in order to arouse or gratify his sexual desires.

We find that the appellant's description of his conduct satisfies the elements of Article 120b(c), UCMJ. There is no substantial basis in law or fact to question the providence of the appellant's plea. We find the military judge did not abuse his discretion by accepting the plea.

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the approved findings and sentence are correct in law and fact and that no error materially prejudicial to the appellant's sub-

---

[8] *Moon*, 73 M.J. at 386.

[9] 10 U.S.C. §920b(c) (2016).

[10] 10 U.S.C. §920b(h)(5)(B) (2016).

[11] *United States v. Pease*, 75 M.J. 180, 184 (C.A.A.F. 2016).

[12] WEBSTER'S NEW WORLD DICTIONARY OF AMERICAN ENGLISH (3d. College ed. 1994), at 479.

stantial rights occurred.[13] Accordingly, the findings and sentence as approved by the convening authority are **AFFIRMED**.

Chief Judge WOODARD and Judge HITESMAN concur.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

---

[13] Art. 59(a) and 66(c), UCMJ.