**UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS**
**Washington, DC**

**UNITED STATES**
**v.**
**Robert R. NYGREN**
**Fireman, United States Coast Guard**

**CGCMS 24182**

**Docket No. 1127**

**13 July 2000**

Special Court-Martial convened by Commander, Ninth Coast Guard District, Cleveland, Ohio. Tried at Sturgeon Bay, Wisconsin, on 16-17 November 1999.

| | |
|---|---|
| Military Judge: | CDR G. Ross Wheatley, USCG |
| Trial Counsel: | LT John P. Nolan, USCG |
| Detailed Defense Counsel: | LT W. Chadwick Austin, JAGC, USN |
| Appellate Defense Counsel: | LT Sandra K. Selman, USCGR |
| Appellate Government Counsel: | LT Mark A. Cunningham, USCGR |

**BEFORE**
**PANEL FIVE**
**BAUM, WESTON, AND MCCLELLAND**
Appellate Military Judges

BAUM, Chief Judge:

Appellant was tried by a special court-martial composed of officer and enlisted members. Pursuant to guilty pleas, entered in accordance with a pretrial agreement, Appellant was convicted of the following offenses: two specifications of carnal knowledge with a 15-year old female, in violation of Article 120, Uniform Code of Military Justice (UCMJ), and one specification of underage consumption of alcoholic beverages contrary to a section of Wisconsin Statutes, in violation of Article 134, UCMJ. The members sentenced Appellant to a bad-conduct discharge (BCD), reduction to paygrade E-1, forfeiture of $639.00 pay per month for four months, and confinement for four months. The Convening Authority approved the sentence as adjudged, which was within the terms of the pretrial agreement.

Before this Court, Appellant has assigned two errors questioning the judge's acceptance of his guilty plea to the underage drinking offense. An assignment has also been submitted pursuant to *U.S. v. Grostefon,* 12 M.J. 431 (C.M.A. 1982), asserting a denial of a fair sentence hearing based on trial counsel's argument at that stage. With respect to this last assignment, we note that no objection to trial counsel's argument was registered at trial. According to Rule for

Courts-Martial (RCM) 1001(g), failure to object to improper argument before the judge instructs the members on sentencing shall constitute waiver of the objection. We may not rely on waiver, however, if plain error is present, and, even in the absence of plain error, this Court need not apply waiver in the interest of justice. *U.S. v. Claxton*, 32 M. J. 159, 162 (CMA 1991). After examining the argument of trial counsel, we have determined that plain error was not committed and that departure from the waiver rule is not warranted in the interest of justice. Error, if any, was waived. Accordingly, Appellant's assignment pursuant to *U.S. v. Grostefon*, *supra,* is rejected.

Appellant's first assignment relates to the specification under Article 134, UCMJ, which alleges that Appellant "did, at Sturgeon Bay, Wisconsin, on or about 20 February 1999, consume alcoholic beverages while under the age of 21 years, in violation of Section 125.07 of the Wisconsin Statutes." After the military judge raised questions concerning this specification, trial counsel stated that the Government was proceeding under clause 2, the service-discrediting clause of Article 134, UCMJ, not the "Assimilated Crimes Act," and offered to make pen-and-ink changes to the specification to reflect this theory of the case. In response, the judge recessed the court in order for the trial counsel and defense counsel to discuss the matter. Upon reconvening, written changes to the specification were not made, but trial counsel announced that the Government was alleging that Appellant's acts in violation of Wisconsin law were of a nature to bring discredit upon the armed forces under clause 2 of Article 134 UCMJ, and defense counsel concurred with the trial counsel's statement. Now, citing *U.S. v. Davis*, 26 M.J. 445, 447 (CMA 1988) and *U.S. v. Brice*, 38 C.M.R. 134, 138 (CMA 1967), for the proposition that words importing criminality are required when the alleged act is not in itself an offense, Appellant contends for the first time that the specification fails to state an offense.

Referencing *U.S. v. Brecheen*, 27 M.J. 67 (CMA 1988); *U.S. v. Watkins*, 21 M.J. 208, 209 (CMA 1986); and *U.S. v. Smythe*, 37 M.J. 804, 806 (CGCMR 1993), Appellant acknowledges that courts have viewed a specification with "maximum liberality" when its sufficiency is challenged for the first time on appeal. Nevertheless, he contends that this particular specification does not state an offense because words of criminality, such as "wrongfully" or "unlawfully," are missing, and the specification does not allege acts that are service discrediting. Granted neither the word "wrongfully" nor the word "unlawfully" appears in this specification, but Appellant's acts are alleged to have violated state law, which constitutes an allegation that his acts were unlawful. Appellant advises, however, that the Wisconsin statute cited in the specification is civil in nature, not criminal. From this premise, he argues that the necessary words of criminality are missing. We reject this conclusion, because it matters not whether the Wisconsin statute provides for a penalty that is criminal or civil in nature. Whatever the statute's characterization, the allegation that Appellant violated Wisconsin law equates to an assertion that his acts were unlawful. It is not necessary for those acts to be criminal by Wisconsin standards. Article 134, UCMJ makes them criminal, if they tend to be service-discrediting. In this regard, the Manual for Courts-Martial tells us: "A specification alleging a violation of Article 134, UCMJ need not expressly allege that the conduct was... 'of a nature to bring discredit upon the armed forces'...." ¶ 60.c.(6)(a), Part IV, MCM. Even if the specification were technically deficient, Appellant's first assignment fails the "maximum liberality" test for assessing challenges to specifications for the first time on appeal.

2

As a separate contention, Appellant argues in his second assignment that the facts elicited by the judge's guilty plea inquiry fail to establish that the acts constituting a violation of Wisconsin law are such that they bring discredit upon the armed forces. Appellant freely admitted that he was under twenty-one when he drank several bottles of beer in the presence of civilians and other Coast Guard enlisted personnel at a party in the home of an underage civilian whose parents were not present. Appellant contends that his underage drinking in this setting with other underage drinkers, who may or may not have known his status in the Coast Guard, was not adequate to show discredit to the service. In particular, Appellant asserts that to establish a Clause 2 offense, it must be proved that the public was aware of both the accused's behavior and his military status. The case he cites for this proposition, *U.S. v. Green*, 39 M.J. 606 (ACMR 1994), is unpersuasive; we know of no binding authority to that effect. We believe the contrary is true. The statute criminalizes "all conduct of *a nature* to bring discredit upon the armed forces," Article 134, UCMJ, 10 USC 934 (emphasis added), and the Manual for Courts-Martial 1998 refers to "conduct which *has a tendency* to bring the service into disrepute or which *tends* to lower it in public esteem." ¶ 60.c.(3), Part IV, MCM, (emphasis added).

We disagree that the facts as alleged in the specification and as developed in the stipulation and providence inquiry are inadequate. The manner in which Appellant violated Wisconsin law by openly drinking beer in the civilian community when he was under the age of twenty-one was, in our view, conduct of a nature to bring discredit upon the armed forces. Moreover, in his stipulation, which was made part of the providence inquiry, Appellant expressed his own belief that his conduct was of a nature to bring discredit upon the armed forces. Assignments one and two are deemed to be without merit.

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, we have determined that the findings and sentence are correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings and sentence, as approved below, are affirmed.

Judges WESTON and MCCLELLAND concur



For the Court

//s//
James P. Magner,
Clerk of the Court

3