# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

### Shane E. REESE
### Aviation Maintenance Technician First Class (E-6), U.S. Coast Guard

### CGCMG 0324
### Docket No. 1422

### 22 August 2016

General Court-Martial convened by Commander, Fourteenth Coast Guard District. Tried at Honolulu, Hawaii, on 22-23 July and 13-20 November 2014.

| | |
|---|---|
| Military Judge: | CAPT Christine N. Cutter, USCG |
| Trial Counsel: | LCDR Robert M. Pirone, USCG |
| Assistant Trial Counsel: | LCDR Kelly A. Sawyer, USCG |
| Civilian Defense Counsel: | Mr. Timothy Bilecki, Esq. |
| Military Defense Counsel: | LT Brandon H. Sargent, JAGC, USN |
| Assistant Defense Counsel: | LT Timothy Ceder, JAGC, USN |
| Appellate Defense Counsel: | LT Philip A. Jones, USCGR |
| Appellate Government Counsel: | LT Tereza Z. Ohley, USCGR |

## BEFORE
## MCCLELLAND, BRUCE & JUDGE
Appellate Military Judges

MCCLELLAND, Chief Judge:

Appellant was tried by general court-martial, military judge alone. Pursuant to his pleas of guilty, Appellant was convicted of two specifications of false official statements, in violation of Article 107, Uniform Code of Military Justice (UCMJ); and four specifications of wrongful use, possession, or distribution of marijuana, in violation of Article 112a, UCMJ. Contrary to his pleas, Appellant was convicted of one additional specification of false official statement, in violation of Article 107; one specification of sexual abuse of a child, in violation of Article 120b, UCMJ; and one specification of making a certain statement to a four-year-old child, such conduct being of a nature to bring discredit upon the armed forces, in violation of Article 134,

UCMJ. The military judge sentenced Appellant to confinement for five years, reduction to E-1, and a dishonorable discharge. The Convening Authority approved the sentence.

Before this Court, Appellant has assigned the following errors:

I. The military judge permitted the Government to modify Specification 3 of Charge III so that it charged a new Actus Reus after the Government admitted substantial evidence on the merits. This was a major change.

II. The convictions of sexual abuse of a child and threatening the child are legally and factually insufficient.

III. Due to his participation in the prosecution, the Staff Judge Advocate (SJA) was disqualified from acting as the SJA.

IV. The accused raised legal errors in his clemency request, yet the SJA did not address them. This was error.

We see the convictions under Charge III (Article 120b) and the Additional Charge (Article 134) as both legally and factually sufficient, hence we reject the second issue. We discuss the other issues, and also, *sua sponte*, the issue of whether the specification under the Additional Charge is legally sufficient. We affirm.

### Amendment to specification

Appellant claims that the military judge impermissibly allowed a major change to a specification, to his prejudice. We see the question of whether a change is major or minor as a question of law, to be reviewed *de novo*. *See United States v. Smith*, 49 M.J. 269 (C.A.A.F. 1998); *United States v. Sullivan*, 42 M.J. 360, 364-66 (C.A.A.F. 1995).

The specification in question, Charge III Specification 3, reads in pertinent part:

. . . did . . . between on or about January 2013 and May 2013, commit a lewd act upon [EV], a child who has not attained the age of 12 years, by licking the penis of [EV] with his tongue, with an intent to arouse or gratify [his] sexual desire . . .

EV was four years old at the time of the alleged incident. According to EV's mother, on 11 and 12 June 2013, EV indicated by words and gestures that Appellant had touched EV's

private areas, specifically his penis and his butt. (R$_{18\ NOV}$ at 147-50.) On other occasions, EV made other statements about an alleged incident to his parents and a forensic interviewer. (*E.g.* R$_{22\ JUL}$ at 91-92, 106, 171-72, 239-40.) These other statements were not admitted into evidence at trial.

EV did not testify at the Article 32 investigation. EV had undergone two forensic interviews in July and October 2013, but he had never been interviewed by either trial counsel or defense counsel before being deposed two days before trial in November 2014.

Appellant was arraigned on 22 July 2014. At the same session, he requested trial by members including enlisted members. (R$_{22\ JUL}$ at 10.) On the first day of trial, he changed his choice of forum, requesting trial by military judge alone. (R$_{13\ NOV}$ at 8.)

At trial, EV testified that Appellant had touched his penis. (R$_{14\ NOV}$ at 9.) He testified that Appellant used his hand and no other body part to touch EV's penis. (R$_{14\ NOV}$ at 11.) He testified that Appellant pulled his (EV's) penis out of his shorts. (R$_{14\ NOV}$ at 15.)

EV testified on Friday, 14 November 2014. On the next Monday, 17 November, the Government moved orally and in writing to amend the specification by replacing the word "licking" with the word "touching", and replacing the word "tongue" with the word "hand", so that the specification would allege that Appellant committed a lewd act "by touching the penis of [EV] with his hand". (R$_{17\ NOV}$ at 3; Appellate Ex. 88.) Appellant objected. (R$_{17\ NOV}$ at 4.) After brief argument, the military judge took a four-hour recess to allow the defense to respond. (R$_{17\ NOV}$ at 9.) The defense filed a responsive brief. (Appellate Ex. 89.) Thereafter, the military judge granted the motion, allowing the Government to amend the specification. (R$_{17\ NOV}$ at 10-11; Appellate Ex. 90.) The military judge stated, "If defense desires to recall witnesses already released based on this ruling they can bring that to my attention." (R$_{17\ NOV}$ at 11.) She granted the defense the rest of that day to "readjust strategy," and the court recessed at 1339 hours, to reconvene at 0830 the next morning. (R$_{17\ NOV}$ at14.)

Later in the trial, Appellant re-called EV for further cross-examination. (R$_{19\text{ NOV}}$ at 25.) This was attributed to the amendment of the specification, and the military judge agreed that it was provided for in her ruling on the amendment. (R$_{18\text{ NOV}}$ at 184, 187.)

On appeal, Appellant asserts, as he did at trial, that the amendment was a major change, and that it prejudiced the defense because he had made decisions on forum and pleas and had cross-examined witnesses all based upon the disparity between the specification and EV's testimony at the deposition two days before trial.

Rule for Courts-Martial (R.C.M.) 603, Manual for Courts-Martial, United States (2012 ed.), allows minor changes to specifications after arraignment and before findings are announced, "if no substantial right of the accused is prejudiced." R.C.M. 603(c). Minor changes "are any except those which add a party, offenses, or substantial matter not fairly included in those previously preferred, or which are likely to mislead the accused as to the offenses charged." R.C.M. 603(a). "Minor changes also include those which reduce the seriousness of an offense . . . ." R.C.M. 603(a) Discussion. In *United States v. Sullivan*, 42 M.J. 360 (C.A.A.F. 1995), the court noted the two conditions or prongs applied by federal Courts of Appeals (no additional or different offense, no prejudice to substantial rights), *id.* at 365, which align with R.C.M. 603. The court went on to say, "The second prong is satisfied if the amendment does not cause unfair surprise. The evil to be avoided is denying the defendant notice of the charge against him, thereby hindering his defense preparation." *Id.* (citing Court of Appeals cases).

In allowing the amendment, the military judge's findings of fact specified that EV had been deposed on 11 November 2014. The military judge noted, "The government proffered that EV testified the accused touched his penis with his hand at the deposition." (Ruling on Government Motion for Minor Change After Arraignment, Appellate Ex. 90 at 2.)[1] The military judge held that no additional or different offense was alleged by the requested change, and found no prejudice, declaring that the defense should not have been surprised by the amendment, given the deposition testimony as well as other pretrial statements including the forensic interviews and

---

[1] There is no such proffer apparent in the record. However, in a filing dated 15 November 2014, two days before the ruling on the amendment, the defense had described in detail EV's testimony at the deposition. (Defense Supplemental Brief Regarding Admissibility of EV's Statements under M.R.E. 807, Appellate Ex. 86 at 3-4.)

testimony at motions hearings. (*Id.* at 3-4.) The military judge also remarked that it would be unlikely Appellant could lick EV's penis without a preceding touch. (*Id.* at 5.)

We agree with the military judge. After the change, the specification alleged an act that was essentially included in the original act alleged. *See United States v. Wilkins*, 71 M.J. 410, 413 (C.A.A.F. 2012) (abusive sexual contact is a lesser included offense of aggravated sexual assault in some instances). As the military judge said, evidence of a touch by the hand was foreseeable based on prior information and proceedings. Appellant's decisions as to forum and pleas were made after the deposition testimony that was at variance with the specification and in consonance with the specification as amended. With all of that information, he cannot fairly complain of a lack of notice. We agree with the military judge that the defense choices did not convert a minor change into a major change. Any prejudice that might have ensued was obviated by the continuance granted after the ruling and the opportunity to recall witnesses, of which Appellant took advantage.

We reject the issue.

### SJA's role in prosecution

Appellant complains that the SJA should have been disqualified from preparing the Staff Judge Advocate Recommendation (SJAR) because of "his direct in-person supervision of and frequent consultation with the trial counsel during sessions of the court-martial." (Assignments of Error and Brief on behalf of Appellant at 18.)

Whether an individual is disqualified from acting as the SJA is a question of law, to be reviewed *de novo*. *United States v. Stefan*, 69 M.J. 256, 258 (C.A.A.F. 2010) (citing *United States v. Taylor*, 60 M.J. 190, 194 (C.A.A.F. 2004)).

Appellant sought disqualification of the SJA at the end of trial. The parties briefed the issue, and the military judge issued a ruling on 16 January 2015, before authenticating the record, denying the request. The military judge made findings of fact. Significant findings:

1. The SJA had commenced serving in that role more than a month after the charges were referred and about a week before the initial Article 39(a) session in the case.

2. The SJA was present during numerous sessions of court, including Article 39(a) sessions. He was seated in the gallery behind trial counsel.

3. During breaks, on numerous occasions, the SJA consulted with trial counsel.

(Appellate Ex. 99.)[2]

Notwithstanding the finding of fact that the SJA "consulted with" trial counsel, there is no evidence of what was discussed between the SJA and trial counsel, or even that they were discussing substantive matters. General advice to a trial counsel is not disqualifying. *United States v. Willis*, 22 USCMA 112, 114, 46 C.M.R. 112-114 (1973). In the complete absence of information about what was discussed, we see no reason to think the SJA had assumed a prosecutorial role. *See United States v. Gutierrez*, 57 M.J. 148, 149 (C.A.A.F. 2002). We agree with the military judge's ruling that the SJA was not disqualified.

**Adequacy of SJA's recommendation**

Appellant complains that the Staff Judge Advocate (SJA), in advising the Convening Authority, failed to address the allegations of legal error presented by the defense. R.C.M. 1106(d)(4) requires the SJA to "state whether, in the staff judge advocate's opinion, corrective action on the findings or sentence should be taken when an allegation of legal error is raised in matters submitted under R.C.M. 1105".

The SJA's Recommendation (SJAR) under R.C.M. 1106, dated 17 February 2015, was received by defense counsel on 17 February 2015, according to defense counsel's Request for Additional Time to Submit R.C.M. 1105 Matters dated 24 February 2015. The defense's Request for Clemency dated 14 March 2015, submitted under R.C.M. 1105, requested clemency and also alleged two legal errors that are assigned before us as issues I and II. There is no

---

[2] There is no evidence to support the findings, but the Government concedes that they are not in dispute. (Answer and Brief on behalf of the United States at 27.)

addendum to the SJAR.[3]


We have found the issues raised before us to be without merit. Generally, failure of the SJA to respond to legal errors raised by the defense requires remand for preparation of a suitable recommendation and new action by the convening authority. *United States v. Welker*, 44 M.J. 85, 88 (C.A.A.F. 1996) (citing *United States v. Hill*, 27 M.J. 293, 296-97 (C.M.A. 1988)). However, if there was actually no error at trial, there is no prejudicial error in the failure of the SJA to respond. *Id.* at 89. Since we have decided that the allegations of error are without merit, there was no prejudice from the SJA's failure to address them.


## Sufficiency of specification

The specification under the Additional Charge, under Article 134, reads in pertinent part:

> . . . between on or about January 2013 and May 2013, did make a statement to [EV], a four year old child . . . , to wit: "that if he [EV] told anyone what he [Appellant] had done to him [EV] that [Appellant and his wife] would go to jail" or words to that effect, and that such conduct was of a nature to bring discredit upon the armed forces.


We note that this specification lacks words of criminality, such as "wrongfully", other than the terminal element ("of a nature to bring discredit upon the armed forces"). In accordance with *United States v. Tevelein*, 75 M.J. 708 (C.G.Ct.Crim.App. 2016) (citing *United States v. Davis*, 26 M.J. 445 (C.M.A. 1988)), this is not a fatal defect. Further, we are inclined to say that such conduct would virtually always be discrediting to the armed forces, in the words of *Davis*, 26 M.J. at 449. Accordingly, we find no deficiency in the specification. We are certain that without this specification, the sentence would not have been different.


## Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.

---

[3] The SJAR did advise the Convening Authority that Appellant might submit a clemency request, and that the Convening Authority was required to read and consider Appellant's clemency requests.

Judge JUDGE concurs.

BRUCE, Judge (concurring in part and dissenting in part):

I concur with the majority decision, except I would dismiss the specification of the Additional Charge and the Additional Charge. Dismissal of the specification and charge require reassessment of Appellant's sentence.

Among other things, Appellant was convicted of sexually molesting a four-year-old child. The specification of the Additional Charge alleges that Appellant also said to the child "that if he [EV] told anyone what he [Appellant] had done to him [EV] that [Appellant and his wife] would go to jail" or words to that effect. *United States v. Reese,* CGCMG 0324, slip op. at 7 (C.G.Ct.Crim.App. Aug. 22, 2016). The specification alleges a novel offense under clause 2 of Article 134, UCMJ, in that it alleges only Appellant's statement and that Appellant's conduct was service-discrediting. As the majority notes, the specification contains no words of criminality other than the allegation that the "conduct was of a nature to bring discredit upon the armed forces." *Id.*

Under the right circumstances, there is no doubt that a novel specification may be used to allege an offense. In *United States v. Saunders*, the Court of Appeals for the Armed Forces states with respect to novel specifications:

> Article 134, UCMJ, the "General Article," criminalizes service-discrediting conduct by military service members. Certain specified offenses are included under this Article. See Manual for Courts–Martial, United States (2002 ed.) [hereinafter MCM] Part IV, paras. 61–113. However, "if conduct by an accused does not fall under any of the listed offenses ... a specification not listed in this Manual may be used to allege the offense." *Id.* at Part IV, para. 60.c.(6)(c).

*United States v. Saunders*, 59 M.J. 1, 6 (C.A.A.F. 2003) (footnote omitted). *See also United States v. Hester,* 68 M.J. 618, 619-20, 622 n. 2 (C.G.Ct.Crim.App. 2010).

In his dissenting opinion, in *United States v. Warner,* Chief Judge Baker stated:

> The majority and the dissent agree that "conduct that is not specifically listed in the [Manual for Courts-Martial] may be prosecuted under Article 134." *Saunders*, 59 M.J. at 6 (citing *Vaughan*, 58 M.J. at 31; see Manual for Courts-Martial, United States pt. IV, para. 60.c(6)(c) (2012 ed.) (MCM ) (permitting the use of specifications not listed in the MCM to allege offenses not listed in paras. 61–113 as offenses under clause 1 or 2 of Article 134, UCMJ)). Moreover, "Manual provisions describing offenses cognizable under Article 134 are merely illustrative." *United States v. Johnson*, 14 M.J. 1029, 1031 (A.C.M.R.1982), *aff'd*, 17 M.J. 251 (C.M.A.1984) (citing *United States v. McCormick*, 12 C.M.A. 26, 28, 30 C.M.R. 26, 28 (1960)).

*United States v. Warner,* 73 M.J. 1, 5-6 (C.A.A.F. 2013) (Baker, Chief Judge, dissenting).

Based on the available case law discussing Part IV, Paragraph 60.c.(6)(c)[4] of the Manual for Courts-Martial (MCM), there appears to be agreement that a novel specification can be used to allege an offense under clause 2 of Article 134, UCMJ, if the alleged offense is not listed among paragraphs 61-113 of Part IV or among the punitive articles, Articles 80 through 132. The problem with the novel specification used here, is that there is a listed specification, Obstructing Justice, at paragraph 96, that addresses the conduct alleged. Accordingly, the specification should have been drafted in accordance with paragraph 96, and the novel specification charged is insufficient to allege a crime in the nature of obstructing justice.

A plain reading of Paragraph 60.c.(6)(c) also supports the conclusion that the Government cannot use a novel specification to allege an offense under clause 2 of Article 134, UCMJ, if the conduct alleged is already addressed by one of the listed offenses in Part IV, MCM.

The provision reads as follows:

> (c) *Specifications for clause 1 or 2 offenses not listed.* If conduct by an accused does not fall under any of the listed offenses for violations of Article 134 in this Manual (paragraphs 61 through 113 of this Part) a specification not listed in this Manual may be used to allege the offense.

Part IV, Paragraph 60c.(6)(c), MCM.

---

[4] At all times pertinent to Appellant's case, Part IV 60c.(6)(c), as contained in the 12th Edition of the MCM was applicable.

Paragraph 60c.(6)(c), consists of a heading and one conditional sentence. Although the word "then" has been omitted, it states a simple if/then proposition: if the accused's conduct does not fall under any of the listed offenses, then the Government may use a novel specification to allege the offense. If the condition is not met, i.e., if the alleged conduct does fall within a listed offense, then a novel specification may not be used to allege the offense. It is certainly within the President's power of prosecutorial discretion to "express[] the President's view as to how the first two clauses of Article 134 should be construed and applied." *United States v. Jeffress*, 28 M.J. 409, 413 (C.M.A. 1989). Accordingly, the Government is not free to draft a novel specification if a listed offense already addresses the alleged conduct, and in so doing potentially relieve itself of proving elements included in the applicable listed offense.

In this case, the conduct alleged in the specification of the Additional Charge does "fall under" the listed offense, Obstructing Justice, Part IV, Paragraph 96, MCM. The explanation section of Paragraph 96, states: "Examples of obstruction of justice include wrongfully influencing, intimidating, or injuring a witness . . . and by means of bribery, intimidation, misrepresentation, or force or threat of force delaying or preventing communication of information relating to a violation . . . ." Part IV, Paragraph 96c.

Appellant was charged in the specification of the Additional Charge with stating to the victim he sexually molested, words to the effect of "if you tell anyone what I did to you, I and my wife will go to jail." The victim was four years old. Under the plainest reading of the specification, it seeks to allege that Appellant wrongfully influenced or intimidated a witness, or by means of intimidation delayed communication of information relating to the sexual molestation. The statement is not service-discrediting just because Appellant said it, it is service-discrediting because Appellant had committed a crime against the victim and made the statement to prevent or impede prosecution of the crime.

By using a novel specification, the Government relieved itself of having to prove the second and third elements of obstructing justice. Part IV, Paragraph 96b.(2) and (3). Those elements relate to proof that the conduct was in the case of a person against whom the accused had reason to believe there would be criminal proceedings, and that the conduct was intended to

influence, impede, or otherwise obstruct justice. These additional elements would not prevent the alleged conduct from falling under obstruction of justice. The nature of the alleged statement suggests that Appellant had reason to believe there would be criminal proceedings pending against himself, because people do not go to jail without some sort of criminal proceeding. The other element just addresses the required *mens rea*.

It was error for the Government to ignore the direction in Part IV, Paragraph 6.c.(6)(c), and use a novel specification rather than the offense listed in Part IV, Paragraph 96, to charge Appellant with conduct that falls under the offense of Obstructing Justice. However, even if that were not the case, for reasons similar to those raised in my concurring opinion in *United States v. Tevelein,* 75 M.J. 708 (C.G.Ct.Crim.App. 2016), the specification of the Additional Charge is deficient because the terminal element alleged in the specification did not allege words of criminality that sufficiently state the *mens rea* required to make Appellant's speech criminal.

The majority opinion appears to conclude that Appellant could properly be charged under Article 134, UCMJ, with making the alleged statement to EV, as an offense that did not amount to obstructing justice, but was nevertheless service-discrediting. The Government's theory seems to have been that if the making of the statement to EV was service-discrediting, that was sufficient to make it wrongful and a crime.

The trial counsel had several occasions at trial to explain why the alleged statement by Appellant to EV was criminal and service-discrediting. In the opening statement, trial counsel characterized the alleged statement as a threat. He stated:

> As you're aware this case is about an accidental disclosure by a then 4 year old child that the defendant inappropriately touched, raped and sodomized him. And that the defendant made several threats to the child to try to get him not to tell.

(R$_{13 \text{ NOV}}$ at 53.)

In the argument on findings, trial counsel did not even mention the terminal element, but commented on the fact that EV displayed fear or discomfort through body language when he testified. He stated:

> And Ma'am, the final charge we have would be the Additional Charge under 134, the general article, which would be again when the defendant said to EV that if he told anyone that he, Uncle Shane and Auntie Jenna would go to jail. Again you can see this has been consistent throughout from June 2013 to the present. EV said that again on Friday, it's something that when you watch body language you can see the fear in him, you can see him hunch down. It doesn't make him comfortable.

(R$_{19 \text{ NOV}}$ at 85.)

Trial counsel did not address the specification of the Additional Charge in his rebuttal argument on findings.

The military judge made special findings regarding her finding Appellant guilty of the specification of the Additional Charge. However, those special findings do not address Appellant's mental state or any other reason to find that Appellant's statement to EV was criminal, except for a finding that the victim's parents were aware that Appellant was in the Coast Guard and that his "actions" lowered their opinion of the Coast Guard.

Considering what brief discussion there was at trial about the specification of the Additional Charge, it appears that the trial participants were under the impression that the Government only needed to prove that Appellant made the alleged statement to EV and that the conduct was service-discrediting. There does not appear to be any recognition that the terminal element ought to impliedly include an allegation of some sort of wrongful mental state, let alone some clear articulation of criminality that would put Appellant on notice of what he had to defend against.

This Court recently decided *United States v. Tevelein,* 75 M.J. 708 (C.G.Ct.Crim.App. 2016), and found that the terminal element in a novel Article 134, UCMJ, specification could supply the required words of criminality, when the conduct alleged would not otherwise constitute a crime. The only discussion of the requirement to allege and prove a criminal mental state was in footnote 21 of the Court's opinion:

> *Fosler* makes clear that words of criminality "speak to mens rea and the lack of a defense or justification, not to the elements of the offense," and further states that words of criminality may be required in an Article 134 specification, "depending on the nature of

the alleged conduct." *Fosler*, 70 M.J. at 231. What remains elusive in military justice jurisprudence is precisely which circumstances require additional words of criminality.

*Tevelein,* 75 M.J. 708, at ___ n. 21.

In my concurring opinion in *Tevelein,* I explained why additional words of criminality, in addition to simply alleging the terminal element, were necessary:

> In *United States v. Rapert*, 75 M.J. 164 (2016), the Court of Appeals for the Armed Services (CAAF) discussed the United States Supreme Court case of *Elonis v. United States*, 575 U.S. ____, 135 S.Ct. 2001 (2015). CAAF quoted the Supreme Court's observation that: "'Federal criminal liability generally does not turn solely on the results of an act without considering the defendant's mental state.' *Id*. at 2012." *Rapert*, 75 M.J. at 167. Then addressing the military offense of communicating a threat in violation of Article 134, UCMJ, CAAF found that the element of wrongfulness met the *mens rea* requirement for a crime as opposed to innocent conduct.
>
> In the present case, the position that the terminal element sufficiently alleges words of criminality, goes against the precept that criminal liability does not turn solely on the results of the act without considering the accused's mental state. In order to prove the offense here, the Government had to prove that Appellant committed an act and that the act was prejudicial to good order and discipline. But, the result that the act was prejudicial to good order and discipline does not necessarily consider the Appellant's mental state. Even if it can be proved that an accused knew that his act would be prejudicial to good order and discipline, that would not make an innocent act or the exercise of a lawful right criminal. The requirement for a culpable *mens rea* applies to the first element, the act committed by the accused.

*Tevelein, 75* M.J. 708, ___ (Bruce, J., concurring).

This case involves an allegation of service-discrediting conduct rather than conduct that is prejudicial to good order and discipline. That does not significantly affect the sufficiency of the specification. In fact, this case presents an arguably stronger case for additional words of criminality because it involves speech as the allegedly wrongful conduct.

The act of speaking to a child is not conduct that is ordinarily criminal. Even saying something to a child that makes the child uncomfortable or fearful would not ordinarily be criminal. Alleging that the conduct was service discrediting

. . . is a necessary element, but it does not add much in terms of what about Appellant's conduct was criminal, rather than innocent, or what culpable state of mind the Government is alleging. Words of criminality in the specification would provide some assurance that the court-martial would not convict without considering whether Appellant had a culpable state of mind and whether his conduct might be innocent or justified.

*Tevelein,* 75 M.J. 708, ___ (Bruce, J., concurring).

The Government might argue that the statement alleged itself suggests a culpable mental state: e.g., an intent to threaten, an intent to conceal a crime, an intent to psychologically injure the victim, or an intent to instill fear or discomfort in the victim. And, the Government might also argue that if the alleged statement was made in jest or was a protected artistic endeavor of some sort, then it would not be service-discrediting. If that is so, how is the Appellant to know what mental state the Government thinks the statement suggests and seeks to prove? This was a judge-alone case, but in a members case, how would the members know what mental state the Government was seeking to prove, and could anyone be certain that the votes for conviction were based on a finding of the same mental state?

In the absence of additional words of criminality, I am not persuaded that the terminal element provides adequate protection against a conviction for innocent or constitutionally protected speech. Such speech could be found to be service-discrediting despite the fact that a culpable mental state was lacking. The record in this case does nothing to ameliorate the concern that the fact finder convicted Appellant of the specification of the Additional Charge without specific consideration of whether he had a culpable mental state or what state of mind had to be proved to make his conduct criminal. Trial counsel never articulated any position on what mental state needed to be proved, and the military judge's special findings do not address Appellant's mental state. Based on the record, there is nothing to show that the military judge considered Appellant's mental state at all.

Although the specification of the Additional Charge is defective and failed to state an offense, Appellant did not object to the specification of the Additional Charge at trial or in his Assignment of Errors to this Court. Accordingly, relief is only warranted if there was plain

error. *United States v. Brecheen*, 27 M.J. 67 (C.M.A. 1988); *United States v. Watkins*, 21 M.J. 208, 209 (C.M.A. 1986); *United States v. Nygren*, 53 M.J. 716 (C.G.Ct.Crim.App. 2000).

In this case, I would find that the defective specification was error, that the error was plain, and that the error prejudiced a substantial right of Appellant. For the reasons previously discussed, the specification either did not comply with the President's direction in the Manual for Courts-Martial, or it at least failed to comply with case law which this Court's recent decision in *Tevelein* has not completely settled. If anything, the case law, prior to the recent decision in *Tevelein,* when this case was tried, was more decisive in requiring words of criminality.

Appellant's substantial rights were prejudiced, because we cannot be certain that he was found to have acted with a *mens rea* that would cause his alleged statements to be criminal. Accordingly, I would dismiss the finding of guilty for the specification of the Additional Charge, and reassess Appellant's sentence.



For the Court,


Sarah P. Valdes
Clerk of the Court